CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID L. WILLIS, JR.,                    )
    Petitioner,                          )        Civil Action No. 7:06CV00500
                                         )
v.                                       )        **MEMORANDUM OPINION**
                                         )
GENE JOHNSON, DIRECTOR OF                )        By: Hon. Glen E. Conrad
THE VIRGINIA DEPARTMENT OF               )        United States District Judge
CORRECTIONS,                             )
    Respondent.                          )

David L. Willis, Jr., a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Willis challenges the validity of his convictions in the Circuit Court for the County of Pittsylvania. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

On October 31, 2003, Willis was convicted of eluding a police officer and operating a motor vehicle after having been declared an habitual offender, second offense. He was subsequently sentenced to a term of imprisonment of two years for each conviction. Additionally, the Circuit Court revoked Willis's probation and imposed the remaining two years of a previously suspended sentence.

Willis appealed his convictions to the Court of Appeals of Virginia. On August 8, 2004, the petition for appeal was denied by a single judge on the Court of Appeals. The judge's decision was adopted by a three-judge panel on October 28, 2004. Willis then filed a petition for appeal in the Supreme Court of Virginia. By order entered March 18, 2005, the petition for appeal was refused.

On October 1, 2004, while his direct appeal was still pending, Willis filed a petition for writ of habeas corpus in the Supreme Court of Virginia. By order entered April 7, 2005, the petition was dismissed without prejudice as premature.

Willis filed a second petition for writ of habeas corpus in the Supreme Court of Virginia on June 1, 2005. The petition included the following claims:

1. Police misconduct in that: (1) the stop and search of his vehicle was illegal; and (2) the police officers made "inaccurate statements."

2. He was denied due process of law when the trial court refused to order a jury view of the scene.

3. Prosecutorial misconduct in that: (1) the Commonwealth made "inaccurate statements at [the] bond hearing"; (2) the Commonwealth demanded a jury trial; and (3) exculpatory evidence was secreted by the Commonwealth.

4. Judicial misconduct in that: (1) the trial court refused to view a video made by the defense which purportedly showed that the police officers' statements were inaccurate; (2) "evidence that was ambiguous"; and (3) the trial court had a personal relationship with one of the police officers, which resulted in bias.

5. Ineffective assistance of counsel in that counsel failed to: (1) use an audiotape of the preliminary hearing to impeach Officer Campbell; (2) demand "video 4" from the Commonwealth; (3) "question the truthfulness of police statements"; (4) prepare adequately for trial; and (5) consult with Willis prior to entering a guilty plea to the probation violation.

By order entered October 13, 2005, the Supreme Court of Virginia dismissed the petition.

Willis executed the instant petition on July 29, 2006. The petition includes the following claims:

1. "Police misconduct that denied the petitioner's 4th Amendment rights when the vehicle that was believed to be driven by Willis was seized and searched."

2. "Police misconduct of giving inaccurate statements and false testimony that denied the petitioner's 5th and 14th Amendment rights."

3. "Petitioner was denied due process set forth by the 5th and 14th Amendment[s] by the court refusing to grant a viewing as allowed by [Virginia Code] § 19.2-264.1,

2

when it was known to the court that it was the critical evidence in this case, and the evidence at trial was ambiguous, therefore prejudicing the petitioner in his efforts to defend."

4. "Ineffective assistance of counsel in her failure to impeach and question the truthfulness of police officers, knowing they were committing perjury, denying the petitioner his 6th Amendment right to effective assistance of counsel."

5. "Petitioner was prejudiced by the ineffectiveness of counsel when she waited until the last minute to ask for a viewing denying the petitioner of his 6th Amendment right to effective assistance of counsel and his 5th and 14th Amendment right to due process."[*]

The respondent moved to dismiss Willis's petition on October 20, 2006. Since Willis has now filed a response, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be

---

[*]On December 20, 2006, Willis moved to withdraw his fifth claim. The court will grant Willis's motion.

3

upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

I.    Claim 1

In his first claim, Willis alleges that police misconduct resulted in the violation of his Fourth Amendment rights. Having reviewed the record, the court agrees with the respondent that this claim is barred by the United States Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). In Stone, the Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Once a district court has made the "'opportunity' inquiry," under Stone, "it need not inquire further into the merits of the petitioner's [Fourth Amendment claim], ...unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim .... was in some way impaired." Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978).

In the instant case, the court concludes that Willis had a full and fair opportunity to litigate his Fourth Amendment claims. Prior to trial, Willis's attorney filed a motion to suppress, in which she argued that police officers violated Willis's Fourth Amendment rights by illegally seizing the vehicle that he was allegedly driving. The Circuit Court subsequently held a suppression hearing on the record, at which the Court heard testimony from Investigator Vic Ingram, one of the police officers involved in the alleged seizure. Willis had the opportunity to cross-examine Ingram. Following the hearing, Willis was granted the opportunity to submit a memorandum of law in support of his motion to suppress. The Circuit Court ultimately denied

4

the motion in a letter opinion dated October 15, 2003. In addition to the pretrial motion, Willis raised his Fourth Amendment claims on direct appeal. The claims were fully addressed on the merits by the Court of Appeals of Virginia. Because the state courts afforded Willis a full and fair opportunity to litigate his Fourth Amendment claims, claim 1 is barred under Stone v. Powell.

II.    Claims 2 and 3

In claim 2, Willis alleges police misconduct in that police officers provided inaccurate statements and false testimony. In claim 3, Willis alleges that his due process rights were violated when the Circuit Court refused to grant a viewing of the scene, as permitted by Virginia Code § 19.2-264.1.

Willis raised the same claims in his state habeas petition. The Supreme Court of Virginia ruled that both claims were procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), because the claims could have been raised at trial and on direct appeal. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of federal habeas relief. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore, claims 2 and 3 may not be reviewed by this court absent a showing of cause and prejudice or actual innocence. Roach, 176 F.3d at 221.

To establish cause for the procedural default, a petitioner must demonstrate that some "objective factor" external to his defense impeded him from complying with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, "a petitioner

5

must offer 'new reliable evidence . . . that was not presented at trial,'" and "'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Applying these principles, the court concludes that Willis has failed to establish cause and prejudice or actual innocence to excuse his procedural default.  First, Willis has failed to proffer sufficient evidence to establish that any objective factor, external to his own defense, prevented him from raising claims 2 and 3 at the appropriate time in state court.  Likewise, Willis has failed to proffer sufficient evidence to establish an actual innocence claim under Schlup.  Although Willis has presented new evidence to support his habeas petition, including affidavits from himself and family members, as well as photographs that were allegedly taken of the location at which he was identified as the driver of the suspect vehicle, Willis has failed to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  Consequently, claims 2 and 3 must be dismissed.

III.    Claim 4

In claim 4, Willis alleges that his trial counsel was ineffective for failing to impeach a police officer who testified at trial, when she knew that the officer was committing perjury.  A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution.  In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims.  The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense."  Id. at 687-688.  The prejudice prong "generally requires the defendant to demonstrate

6

by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." <u>Frazer v. South Carolina</u>, 430 F.3d 696, 703 (4th Cir. 2005).

Willis raised the same ineffective assistance claim in his state <u>habeas</u> petition. The Supreme Court of Virginia held that the claim failed to satisfy either prong of the <u>Strickland</u> test. In reaching this decision, the Supreme Court explained as follows:

> The record, including the affidavit of counsel, demonstrates counsel did not have evidence that the inconsistencies in the police officer's statements were made intentionally and, absent such evidence, made a tactical decision not to offend the court or the jury by accusing a law enforcement officer of lying. Instead counsel cross-examined the officer to demonstrate that his identification of petitioner must have been mistaken. Petitioner has not articulated how counsel's decision affected the jury's determination or what result counsel would have received by taking a different action. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Having reviewed the record, the court agrees with the respondent that the Supreme Court's disposition of this claim did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Accordingly, claim 4 must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner.

**ENTER**: This _4th_ day of January, 2007.

_Glen E. Conrad_
United States District Judge

7